UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 13-52-KSF

HEIDI K. ERICKSON                                                              PLAINTIFF

v.                                    **OPINION & ORDER**

UNIVERSITY OF KENTUCKY, *et al.*                              DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

The plaintiff, Heidi K. Erickson, has filed this *pro se* action against the defendants asserting various federal and state claims related to their alleged failure to make reasonable accommodations for her disability and by finding her guilty of plagiarism. This matter is before the Court *sua sponte* for initial screening. When screening a *pro se* complaint, the complaint is held to less stringent standards than those composed by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, Rule 8(a) of the Federal Rules of Civil Procedure still requires a *pro se* plaintiff's complaint to include: (1) a short and plain statement of the grounds upon which the court's jurisdiction depends; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for relief the pleader seeks. This Court is authorized to dismiss *sua sponte* a complaint that is filed *in forma pauperis* at any time if the action is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); *Williams v. Johnson*, 55 Fed. Appx. 736 at \*2 (6th Cir. 2003). In such circumstances, the court has no discretion to permit the plaintiff to amend the complaint in order to avoid dismissal. *Id*.

1

This is not Erickson's first action filed in this district, and the Court notes that she has an extensive litigation history in the federal court in Massachusetts as well as the United States Supreme Court and has apparently been enjoined from proceeding in these courts without prior approval. *See Erickson v. Lau*, 130 S.Ct. 2412 (May 30, 2010); *Erickson v. Massachusetts*, 2010 WL 2332153 (D.Mass. June 4, 2010). In the action currently pending in this Court, Erickson asserts the following claims: (1) deprivation of due process by a public official; (2) deprivation of equal protection by a public official based upon the issuance of an arbitrary decision not pursuant to the Administrative Procedures Act; and (3) arbitrary, capricious and unconstitutional agency action pursuant to the Administrative Procedures Act. The named Defendants are the University of Kentucky, Joseph Fink, III, Lance Broeking, Parking Department, and the University Appeals Board. Erickson's complaint seeks an award of "exemplary and punitive damages" in the amount of $100,000.

Erickson's claims against the University of Kentucky are barred by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment bars a suit for money damages brought in federal court against a state unless the state has waived its sovereign immunity or consented to be sued. Specifically, the Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any foreign State.

U.S.Const. amend XI. In addition to the states themselves, the Eleventh Amendment immunity can also extend to departments and agencies of states, as well as "state instrumentalities." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984); *Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). In this case, the University of Kentucky and its department, boards and employees in their official capacities are clearly arms or instrumentalities of the State and thus are entitled to

Eleventh Amendment immunity on Erickson's federal claims. *See Hutsell v. Sayre*, 5 F.3d 996, 1000 (6th Cir. 1993).

This leaves Erickson's claims against the Defendants in their individual capacities, for which the Eleventh Amendment provides no immunity. *Hafer v. Melo*, 502 U.S. 21 (1991); *Scheuer v. Rhodes*, 416 U.S. 232, 237 (1974); *Ex Parte Young*, 209 U.S. 123 (1908). Moreover, to the extent they are sued in their individual capacities, the Defendants are considered "persons" within the meaning of § 1983.

Although the caption of Erickson's complaint names Lance Broeking as a defendant, the allegations do not contain any reference to Broeking. As a result, Erickson's complaint fails to state any claim against Broeking and he will be dismissed as a defendant to this action. The other named defendant, Joseph Fink III, is referred to in Erickson's complaint as a member of the University Appeals Board. According to Erickson, she was charged with plagiarism on October 1, 2012. When she appealed this charge to the University Appeals Board, Erickson contends that Fink denied her requests for a continuance of the hearing, in violation of her constitutional rights, and ultimately denied her appeal, also in violation of her constitutional rights. Thus, her complaint states on its face a claim under 42 U.S.C. § 1983 against Joseph Fink, III, individually.

Erickson has filed several other motions which remain pending. First, she has filed a motion to amend her complaint to correct "scrivnor errors" [sic] [DE #7]. This motion will be granted. Erickson has also filed a motion for access to a Pacer account [DE #5]. However, the Amended Electronic Case Filing Administrative Policies and Procedures, adopted by the United States District Courts for the Eastern and Western Districts of Kentucky, provides in §2(c) that "[a] party

proceeding *pro se* shall not file electronically, unless otherwise permitted by the court." The Court, finding no reason to deviate from the general rule, will thus deny Erickson's motion.

Finally, Erickson has filed a motion for a temporary restraining order [DE #6]. In her motion, she seeks relief regarding the University of Kentucky's alleged failure to allow her to register for classes. This claim is wholly unrelated to any claim alleged in her complaint against the University of Kentucky. Moreover, the University of Kentucky has been dismissed as a defendant to this action. Accordingly, Erickson's motion for a temporary restraining order will be denied.

Accordingly, the Court hereby **ORDERS** as follows:

(1) the Plaintiff's motion for access to file and review via Pacer [DE #5] is **DENIED;**

(2) the Plaintiff's motion for a temporary restraining order [DE #6] is **DENIED**;

(3) the Plaintiff's motion to amend or correct her complaint [DE #7] is **GRANTED**;

(4) the Plaintiff's Complaint [DE #1] is **DISMISSED WITH PREJUDICE** with respect to all claims against the University of Kentucky, Joseph Fink, in his official capacity, Lance Broeking, in his individual and official capacity, the Parking Department, and the University Appeals Board;

(5) the Plaintiff is permitted to proceed on her constitutional claims against Joseph Fink III, individually, pursuant to 42 U.S.C. § 1983;

(6) the Plaintiff's motion for Issuance of Summons [DE #10] is **GRANTED** as to Joseph Fink, III and denied in all other respects;

(7) The Lexington Clerk's Office shall prepare and issue summons for Joseph Fink, III in his individual capacity;

(8) The Clerk shall also prepare a copy of the complaint and USM Form 285. If insufficient information exists to sufficiently or effectively complete the summons or USM Form 285 regarding the defendant, the Clerk shall promptly make a clerk's entry on the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

(9) After the Lexington Clerk's office has prepared the summons, USM Form 285, complaint copy, copy of this Order, and/or any other documents necessary to effectuate service, the Deputy Clerk in the Lexington Clerk's office shall hand-deliver said documents to the United States Marshal's Office in Lexington, Kentucky

(10) The Lexington Depute Clerk making the delivery referenced in paragraph (9) to the United States Marshal's office shall obtain from the Marshal a receipt for the hand-delivered documents, which receipt shall be entered into the instant record by the Clerk;

(11) The United States Marshal shall serve a summons, complaint copy, and copy of this Order on the defendant Joseph Fink, III, individually by certified mail, return receipt requested;

(12) The United States Marshal shall make a return report to the Court of whether the summons is executed or is still unexecuted within forty (40) days of the date of entry of this Order;

(13) The Plaintiff shall keep the Clerk of the Court informed of her current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case;

(14) For every further pleading or document she wishes to submit for consideration by the Court, the Plaintiff shall serve upon the defendant, Joseph Fink, III, individually, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The Plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to the defendant or counsel. If a District Judge or a Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

This October 3, 2013.

**Signed By:**

*Karl S. Forester* KSF

**United States Senior Judge**