UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| HEIDI K. ERICKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 5:13-CV-52-KSF-REW |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| JOSEPH FINK, III, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After Plaintiff failed to appear for a telephonic conference on January 30, 2014, set to address Defendant's allegation that Plaintiff did not serve adequate initial disclosures under Federal Rule of Civil Procedure 26(a)(1), the Court scheduled an in-court show cause hearing for today, February 10, 2014, at 9:30 a.m. *See* DE #22 (Order). Plaintiff failed to appear for today's hearing. Defendant, Joseph Fink, III, by counsel, thus orally moved the Court to recommend dismissal of Plaintiff's claims for failure to prosecute. The Court granted Defendant's motion.

As stated on the record at today's show cause hearing, the record reflects that, in the Order for Rule 26(f) Meeting and Report, the District Judge ordered the parties to exchange Rule 26(a)(1) disclosures at the time of their planning meeting, which was to occur no later than December 9, 2013. DE #15 (Order for Meeting and Report), at ¶¶ 1-2. The District Judge warned that failure to comply with the Order could result in the imposition of sanctions. *Id.* at p. 2. Based on the record before the undersigned, namely the status report and accompanying exhibits submitted by Defendant (DE #23 (Status

1

Report)), Plaintiff has made some Rule 26(a)(1) disclosure, but not a complete disclosure compliant with the Rule.

Further, the record reflects that Plaintiff previously failed to keep the Court advised of a current address. *See* DE #18 (Scheduling Order), at ¶ 1. In light of that failure, the District Judge warned Plaintiff that failure to prosecute her case could result in the sanction of dismissal. *Id.* Plaintiff then failed to appear for the January 30 telephonic conference and today's show cause hearing. *See* DE #21 (Minute Entry); DE #22. In setting the show cause hearing, the Court warned Plaintiff that if she could not show cause for her failure to appear for the January 30 telephonic conference, the Court could consider sanctions, including the sanction of dismissal. DE #22.

In sum, Plaintiff has failed to comply with multiple orders of the Court, and she has failed to appear for two scheduled hearings, in spite of Court warnings that non-compliance could result in sanctions. Under Rule 41(b), a defendant may seek dismissal if a plaintiff fails to prosecute or to comply with the federal rules or a court order. As noted in two prior Orders in this case (*see* DE ##18 and 22), courts consider the following factors in determining whether dismissal is an appropriate sanction for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008).

Here, all four factors weigh in favor of dismissal. First, the Court can only assume that the fault for Plaintiff's failure to comply and appear as required lies with

Plaintiff; since December 2013, there is no indication that Plaintiff has not been receiving the Court's Orders.  She has exhausted opportunities to explain her conduct.  Second, Defendant has been prejudiced by Plaintiff's conduct; for example, Defendant has appeared for two hearings that were unable to go forward due to Plaintiff's absence.  The failure to cooperate is hampering defense preparation.  Third, Plaintiff twice has been warned that failure to cooperate could lead to dismissal.  And, finally, after Plaintiff failed to appear for the January 30 telephonic conference, the Court gave her the opportunity to appear in court and explain her absence, but Plaintiff again failed to appear.

When a party files a lawsuit, that party has the obvious responsibility to prosecute the case and to follow Court orders.  Plaintiff has abandoned that responsibility.  Accordingly, the Court **RECOMMENDS** that the District Court **DISMISS** this matter **WITH PREJUDICE**.  *See* Fed. R. Civ. P. 41(b) ("[A] dismissal under this subdivision . . . operates as an adjudication on the merits.").

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute.  Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court.  Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals.  *Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 10th day of February, 2014.



Signed By:
*Robert E. Wier*
United States Magistrate Judge