UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 13-52-KSF

HEIDI K. ERICKSON                                                                                    PLAINTIFF

v.                                         **OPINION & ORDER**

JOSEPH FINK, III.                                                                                   DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the second motion [DE #32] of the Plaintiff, Heidi K. Erickson, *pro se*, for reconsideration of this Court's previous orders dismissing this action with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Also before the Court is Erickson's motion to correct scrivener's errors found within her motion for reconsideration [DE #39]. While Erickson's motion to correct errors will be granted, her motion for reconsideration will be denied for the reasons set forth below.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

Erickson filed this civil action against the University of Kentucky and various employees on February 26, 2013 pursuant to 42 U.S.C. § 1983 [DE #1]. Her complaint asserted various federal and state claims related to the alleged failure to make reasonable accommodations for her disability and for finding her guilty of plagiarism despite an alleged lack of due process. Erickson also made a request to be allowed to access and file pleadings via Pacer [DE #5].

On initial screening of her complaint, the Court denied her request to access the record and file electronically via Pacer based on the local rules [DE #11]. The Court then dismissed all of Erickson's claims, with the exception of her claim against Defendant Joseph Fink, III, individually ("Fink"). Erickson alleges that Fink, a member of the University Appeals Board, denied her requests for a continuance of the hearing on her plagiarism charge, in violation of her procedural due process rights, and ultimately denied her appeal, also in violation of her constitutional rights. Summons issued and Fink filed a timely answer [DE ##13, 14].

An Order for Meeting and Report was subsequently entered and the Clerk mailed a copy to Erickson at her listed address; however, this was returned to the Clerk's Office as undeliverable [DE ## 15, 16]. Nevertheless, the parties apparently conducted the required meeting but were unable to agree on a discovery plan based on the report filed by Fink's counsel on December 16, 2013 [DE #17]. A Scheduling Order was subsequently entered and mailed to the address provided to the Court by Fink's counsel [DE #18]. In the Scheduling Order, Erickson was ordered to advise the Court of her new mailing address within 15 days and warned that failure to keep the Court advised of her current mailing address could result in dismissal. She was again advised that the local rules prohibit *pro se* parties from accessing and filing via Pacer.

On December 26, 2013, Erickson filed a notice of her current mailing address as well as a motion for reconsideration of the Court's order denying her request to access and file electronically via Pacer [DE #19]. The record then reflects that on January 16, 2014, Fink's counsel, in accordance with the Scheduling Order, contacted Magistrate Judge Wier to request a telephonic conference to address Fink's contention that Erickson had failed to make the required initial disclosures as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure. A telephonic conference was scheduled

2

for January 30, 2014 [DE #20]. Erickson failed to enter her appearance during the scheduled time [DE #21]. Accordingly, Magistrate Judge Wier set the matter for a Show Cause Hearing on February 10, 2014 [DE #22]. Erickson did not appear at the Show Cause Hearing, and Fink's oral motion for a recommendation of dismissal was granted [DE #24]. Magistrate Judge Wier filed his Recommended Disposition on the same day, outlining Erickson's pattern of failing to comply with Court orders and recommending dismissal of this action pursuant to Rule 41(b) [DE #25]. His Recommended Disposition advised Erickson of her right to file objections to his recommendation as allowed under 28 U.S.C. § 636(b)(1), and informed her that failure to make a timely objection could result in waiver of further appeal or review by this Court or the Sixth Circuit Court of Appeals.

Nevertheless, Erickson failed to file any objections to the Recommended Disposition. Accordingly, the Court entered its Opinion & Order adopting Magistrate Judge Wier's Recommended Disposition, and dismissed this action with prejudice on March 4, 2014 [DE #26]. At this point, Erickson came to life and filed a "Verified Urgent Motion" seeking relief from the Courts' orders denying her access to file and review via Pacer, as well as the March 4, 2014 Opinion & Order dismissing the action. The Court found Erickson's arguments lacked merit and entered its Opinion & Order denying her motion on April 17, 2014 [DE #30].

Thereafter, on April 24, 2014, Erickson filed her notice of appeal [DE #31] and a second motion for reconsideration [DE #32]. Her appeal has been held in abeyance pending a ruling on the pending motion for reconsideration [DE #37].

II.     **ERICKSON'S MOTION FOR RECONSIDERATION**

This is essentially Erickson's second motion for reconsideration of the dismissal of this action. While she styles the motion for reconsideration as a motion under Rule 41(b), there is no

3

mechanism for reconsideration under that rule. *See* Fed.R.Civ.P. 41(b). Nor does Rule 59(e) of the Federal Rules of Civil Procedure allow for reconsideration in this case, as her motion was filed more than 28 days after judgment. *See* Fed.R.Civ.P. 59(e)("[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment"). Only Rule 60(b)(1) of the Federal Rules of Civil Procedure could be applicable based on her arguments. Under this rule, the "court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . ." Fed.R.Civ.P. 60(b)(1).

Erickson argues that she should be excused from the judgment because she did not receive items by mail and that she should have been allowed access and file electronically via Pacer. However, Erickson never addresses the fact that she has been on notice for months that her Rule 26 Initial Disclosures were deficient and has taken no steps to cure the deficiency. This refusal to follow the rules, despite her ability to file two motions for reconsideration, leads the Court to conclude that Erickson simply desires to continue the Pacer debate while not complying with her responsibilities under the Federal Rules of Civil Procedure. The delay caused by Erickson's failure has certainly caused prejudice to Fink. Additionally, Erickson's failure to file any objections to the Magistrate Judge's Recommended Disposition is alone sufficient grounds for entering dismissal. Accordingly, for these reasons, and the reasons previously stated in the Opinion & Order of April 17, 2014 denying her motion to vacate, Erickson's motion for reconsideration will be denied.

### III. CONCLUSION

The Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) Erickson's motion to correct scrivener's errors [DE #39] is **GRANTED**; and

(2) Erickson's motion for reconsideration [DE #32] is **DENIED**.

Dated this 29th day of May, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY